**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIE BALLOU,

    Plaintiff - Appellee,

 v.

VANCOUVER POLICE OFFICERS'
GUILD,

    Defendant - Appellant.

No. 09-35689

D.C. No. 3:09-cv-05086-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 15, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

  Plaintiff Julie Ballou filed a complaint in state court against her union, the

Vancouver Police Officers' Guild ("the Union"), alleging that the Union breached

its duty of fair representation to her under the National Labor Relations Act

("NLRA").  The Union removed the case to federal court and then filed a motion

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

for judgment on the pleadings, arguing that the NLRA did not apply to the parties. In Ballou's response, she conceded that the NLRA did not apply and moved to amend her complaint to add a claim under the analogous state law, the Public Employees' Collective Bargaining Act. The district court determined that it had jurisdiction under 28 U.S.C. §§ 1331 and 1446. The district court proceeded to grant the Union's motion to dismiss Ballou's federal claim, and, declining to exercise supplemental jurisdiction, remanded the case, along with Ballou's pending motion to amend her complaint, to the state superior court.

Irrespective of the district court's jurisdictional determination, "every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (internal quotation marks and alteration omitted). "[When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Id.* (alteration in original) (internal quotation marks omitted). Because we conclude that the district court lacked subject matter jurisdiction over Ballou's complaint when it was removed from state court, we vacate the district court's order granting the motion for

judgment on the pleadings, but do not disturb its decision to remand the case to state court. *See id.* at 97 n. 2; *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

The Supreme Court noted in *Bell* that there are two exceptions to the general rule that one looks to the allegations in the complaint to determine if there is federal jurisdiction. 327 U.S. at 682-83. Of relevance here is the second, that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Id.*; *cf. Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 935 (9th Cir.), *amended by* 350 F.3d 916 (9th Cir. 2003) (holding that removal prior to discovery was proper because the federal claim was not insubstantial or frivolous). Unlike in *Albingia*, it was apparent from the face of the complaint that Ballou's federal claim was insubstantial or frivolous, because there is no question that the NLRA does not apply to employees in the local public sector, and Ballou pleaded that she was a police officer with the Vancouver Police Department. 29 U.S.C. § 152(2)-(3). Because the federal claim was clearly frivolous, the district court lacked subject matter jurisdiction. *Bell*, 327 U.S. at 683.

In this circumstance, where the case has been removed from state court, 28 U.S.C. § 1447(c) directs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *Id.*

(emphasis added). The district court, lacking subject matter jurisdiction, was required under § 1447(c) to remand the case to state court. *Id.* We therefore vacate the district court's order granting judgment on the pleadings, but leave the remand order in force. *See id.* Upon remand, the state superior court can address the merits of the parties' pending motions. Having determined that the district court lacked subject matter jurisdiction and that the case was properly remanded to the state superior court, § 1447(d) precludes appellate review of the Union's appeal. Accordingly, the Union's appeal is dismissed.

APPEAL DISMISSED.